SEEGER'S EXECUTORS *vs.* SEEGER and others.

1. Where the will contains no power or direction to sell, such power is not created by implication, because necessary or convenient to enable the executors to execute the directions of the will.

2. When express directions are given to sell, and no person is named to make the sale, the power of sale is held to be in the executors by implication, in cases where it is their duty to distribute or pay out the proceeds.

This cause was argued for final decree on pleadings and proofs.

*Mr. Aitkin,* for complainants.

THE CHANCELLOR.

This bill was filed by the complainants, the executors of the will of Adam Seeger, deceased, for a construction of the will and directions as to their duty. The will gives one-third of all testator's estate to his wife, Magdalena, and the remaining two-thirds to his two children, the infant defendants, Anna and Charles. It directs the executors to invest the two-thirds of his property, and use the interest and so much of the principal as is necessary for the education and maintenance of his two children. It directs that if one of his children should die, the other should be entitled to the

full two-thirds, or so much as should remain; and if both should die, he gave the two-thirds, or so much as should remain, to the defendants, the German Evangelical Lutheran Trinity Church of Trenton. The will contains no directions to sell.

Testator's wife died a few weeks before him; they left two children only, the infant defendants. His whole estate consisted of a house and lot in Trenton, the rents of which are entirely insufficient to educate and support these children, who are now fourteen and nine years of age, respectively.

The complainants are advised that they have the power of sale by implication, as without it they cannot perform the directions of the will, and invest the principal and apply so much as may be necessary to the education and support of the children. They pray a construction of the will and directions as to their duty.

There is no authority or decision, so far as my researches have extended, which holds that in a will which contains no power or directions to sell, such power is created by implication, because necessary or convenient to enable the executors to execute the directions of the will. When express directions are given to sell, and no person named to make the sale, the power of sale is held to be in the executors by implication, in cases where it is their duty to distribute or pay out the proceeds. The cases referred to in the argument are confined to this point, and go no further. None of them sustain the position vaguely laid down in Washburn's Treatise on Real Property, and referred to in the argument. I am not inclined to extend the implication beyond the authorities.

The executors have no power to sell even the two-thirds devised to the two children. The other question raised, as to the extent of the estate of the children, are not proper to be decided in this suit, which relates merely to the power and duty of the executors, who have no interest in that question; it is a question of law between the infant defendants and the church.